John SWANSON, Appellant

v.

**NORTHWESTERN HUMAN
SERVICES, INC.**

No. 06–4923.

United States Court of Appeals,
Third Circuit.

Submitted pursuant to Third Circuit
LAR 34.1(a) March 24, 2008.

Filed: April 24, 2008.

Jeffrey R. Elliott, Kozloff Stoudt,
Wyomissing, PA, for Appellant.

Patrick G. Murphy, Kelley & Murphy,
Blue Bell, PA, for Appellee.

Court on Gonzalez's behalf. *See* L.A.R. 109.2(b).

Before: McKEE, RENDELL and TASHIMA *, Circuit Judges.

## OPINION

McKEE, Circuit Judge.

John Swanson appeals the district court's grant of summary judgment in favor of Northwestern Human Services, Inc. ("NHS") on Swanson's claim of retaliation for an activity protected under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.* For the reasons that follow, we will affirm.

### I.

Inasmuch as we write primarily for the parties who are familiar with this case, we need not set forth the factual or procedural history except insofar as it may be helpful to our brief discussion. Our review of the district court's grant of summary judgment is plenary. *Watson v. Eastman Kodak Co.,* 235 F.3d 851, 854 (3d Cir.2000). Accordingly, we apply the same test that the district court should have utilized. *Boyle v. County of Allegheny Pa.,* 139 F.3d 386, 393 (3d Cir.1998).

Swanson argues that the district court erred in finding that he failed to present any genuine issue of material fact as to whether he was the victim of retaliatory harassment after complaining on July 14, 2004 to an NHS supervisor about what he believed to be sexual harassment by another supervisor, and after he filed a complaint about the incident with the EEOC on September 1, 2004.

To establish a *prima facie* case of retaliatory discrimination, a plaintiff must show that (1) he engaged in conduct protected by Title VII, (2) his employer took an adverse employment action against him,

and (3) there is a causal link between the allegedly protected conduct and the adverse action. *Charlton v. Paramus Bd. of Ed.,* 25 F.3d 194, 201 (3d Cir.1994).

Swanson clearly engaged in protected activity when he complained to his supervisor and when he filed his EEOC complaint. He alleges that retaliation is established by three possible adverse employment actions taken against him by NHS: (1) an "action plan" issued to him by the allegedly harassing supervisor which he contends was not legitimately based on poor work performance, (2) NHS's decision to extend his probationary employment period, and (3) his resignation which he views as a constructive discharge.

 The "action plan" was instituted on July 7, 2004, before any protected activity occurred. Accordingly, assuming *arguendo* that the plan could constitute an adverse employment action, it does not support a claim of retaliation because the timing negates the required causal relationship to any protected activity. We also agree with the district court that Swanson's allegedly constructive discharge claim lacks merit because the circumstances that purportedly lead to his departure—his extension of probation and NHS's refusal to remove a disciplinary write-up-simply do not rise to the level of intolerable conditions which would cause a reasonable person in Swanson's position to resign. *See Goss v. Exxon Office Sys. Co.,* 747 F.2d 885, 888 (3d Cir.1984).

 Similarly the extension of Swanson's probationary employment period on September 3, 2004 can not have been retaliatory because there is no causal link to the protected conduct. Swanson was notified on August 30, 2004 by NHS Human

* Honorable A. Wallace Tashima, Senior Judge of the United States Court of Appeals for the Ninth Circuit, sitting by designation.

Resources that his probationary period would be ending on August 31, 2004 and that Human Resources would decide if it would be extended. On September 3, 2004, he was notified that the probationary period would be extended. Although that was only two days after Swanson filed his EEOC complaint, there is no indication that NHS Human Resources was aware of the complaint. Moreover, the prior notification that the period could be extended fatally undermines Swanson's reliance on the extension because it is clear that NHS was considering the extension before the EEOC complaint was filed. Because Swanson can not establish causation, his claim of retaliatory conduct can not succeed as a matter of law.

## II.

Accordingly, for the reasons set forth above, we will affirm the order of the district court.